FOWLER et al. v. CARNE et al.

L. A. No. 913; March 29, 1901.

64 Pac. 581.

**Vendor and Vendee.**—Where Plaintiff in an Action to Rescind **a** contract for the purchase of land alleged that it was not worth more than $6,000, but introduced no evidence of its value, and defendant and several witnesses testified it was worth from $14,000

to $16,000, and that the shares of stock in a water company sold plaintiff was sufficient to water twenty acres in a year of ordinary rainfall, it cannot be contended that findings that it was worth $15,000, and that the shares of water stock were sufficient to irrigate twenty acres, were not supported by the evidence.

Vendor and Vendee—Representations by Vendor.—Where Defendant Testified that he did not represent that all of the land purchased by plaintiff was suitable for fruit-raising, except that part already planted to fruit trees, and that ten acres in addition to that under cultivation might be rendered suitable for cultivation by a small expenditure, a finding that defendant did not make such representation was supported by the evidence.

Vendor and Vendee—Representations by Vendor.—Where Defendant Testified that there were fourteen hundred and seventy-six trees on the land purchased by plaintiff, and the written contract specified that there were from fourteen hundred to fifteen hundred, a finding that defendant did not represent that there were sixteen hundred was supported by the evidence.

Vendor and Vendee—Representations by Vendor.—Plaintiff Alleged that defendant fraudulently represented that the shares of water stock sold plaintiff were sufficient to irrigate the entire tract purchased by plaintiff, and defendant denied that he represented that plaintiff's shares of water stock would entitle her to a sufficient amount of water to irrigate said lands, or any portion thereof except that part planted to fruit trees. Held, that allowing defendant to amend his answer after the trial by striking out the words, "or any portion thereof except that part planted to fruit trees," was not prejudicial to plaintiff, where the findings of the court supported the answer as it stood prior to the amendment.

Vendor and Vendee.—Where Plaintiff in an Action to Rescind a contract for the purchase of land alleged that it was worth only $6,000, but introduced no evidence of its value, error in the admission of evidence of value on the part of defendant was harmless, since the burden to show value was on plaintiff.

Witness.—Where Witnesses as to the Value of Land were qualified to give an opinion, the question what was the value of the land as "between a party who wished to buy and one who wished to sell" was not objectionable as to form.

APPEAL from Superior Court, Ventura County; W. S. Day, Judge.

Action by Laura E. Fowler and husband against John Carne and others. From a judgment in favor of defendants and from an order denying a new trial plaintiffs appeal. Affirmed.

Barnes & Selby and H. L. Poplin for appellants; Blackstock & Edwing for respondents.

GRAY, C.—This action was brought to rescind a contract of purchase and sale of a certain fruit ranch of about fifty-three acres, situated in Ventura county, together with fifty-five shares of water stock, and to compel defendant to give up for cancellation a note and mortgage for $12,000, given to secure the balance due under said contract, and to recover $3,000 and interest paid on said contract, and also the further sum of $3,000 and interest for the value of a dwelling built on said ranch by plaintiffs. The complaint alleges that plaintiff was induced to enter into the contract by the fraudulent representations of defendant. The defendant denied the fraud, set up the mortgage and note in a cross-complaint, and on a trial before the court without a jury had judgment in his favor on the issue of fraud, and also foreclosing the mortgage. From this judgment and from an order denying a new trial the plaintiffs appeal.

Laura Fowler and her husband and coplaintiff resided in Chicago, Illinois, and in July, 1898, they met the defendant Carne, who resided in Ojai Valley, Ventura county, California. Neither of plaintiffs knew anything about fruit farms or fruit farming in Ventura county, but they desired to purchase a fruit farm and live in California principally for the health of themselves and their two boys, and incidentally to profit by fruit farming. Accordingly, on making the acquaintance of defendant, they opened negotiations with him for the fruit ranch in controversy, which resulted in the contract now sought to be rescinded. Plaintiffs did not see the ranch, but took the defendant's word for everything. The representations of defendant claimed in the complaint to have been false, and on which plaintiff was induced to make the purchase, are as follows: (1) He represented that said lands and fifty-five shares of water stock were of the value of $15,000; (2) that said lands were in every way adapted, suited and capable of and for profitable growing of citrus fruits, especially lemons and oranges; (3) that twenty acres of the tract contained sixteen hundred trees, that would yield a crop worth net profit of $3,200 for the year 1899; (4) that the remainder of the tract, thirty-three acres, was in proper condition to put into orange and lemon culture, and just as good as the twenty acres already in trees and

bearing; (5) that the fifty-five shares of stock of the San
Antonio Water Company, sold with the land, carried with it
water ample and sufficient to irrigate the entire tract planted
to fruit trees or any and all crops that would grow upon said
lands; (6) that the lands were entirely free from freezing
temperature in winter-time each year. As to all these alleged
false and fraudulent representations the findings are adverse
to plaintiff. Appellant's principal attack is directed against
these findings. She contends that they are not supported by
the evidence.

As to representation 1 above referred to, the finding is
"that said realty and water stock at the time of the sale
thereof to plaintiff Laura E. Fowler were of the value of
$15,000." Plaintiff, in her complaint, alleged that this prop-
erty "was not of a value to exceed six thousand dollars,"
but she introduced no evidence whatever as to its value. The
witnesses for defendant gave their opinions as to its value,
fixing it, most of them, from $14,000 to $15,000; one of them
testifying that, in his opinion, it was at the time of the sale
worth from $15,000 to $16,000. Certainly, this finding is
supported by the evidence.

As to representations 2 and 4, the findings are "that it is
not true that defendant Carne . . . . stated or represented
. . . . that said lands, other than the twenty acres thereof
planted to trees, and about ten acres in addition thereto, were
in any way or at all adapted, suited, or capable of or for
profitable growing of any citrus fruits." The court also
finds that about ten acres in addition to the twenty acres
already planted to trees could, by a small expenditure, be
rendered fit for cultivation, and as good as said twenty acres;
and that defendant did not represent that any of the tract
not already planted "was in proper or any condition to put
into orange or lemon culture." These findings find support
in the testimony of defendant, and, so far as it relates to the
condition of the ranch, his testimony is corroborated by that
of other witnesses called in his behalf.

The finding as to representation 3 is to the effect that de-
fendant made no such representation, but did represent that
the twenty acre tract contained about fourteen hundred
and seventy-six trees. This finding is also supported by
defendant's testimony, which is corroborated by the written
contract between the parties, in which the number of trees is

given as "between fourteen and fifteen hundred orange, lemon and other fruit trees." The evidence shows without conflict that this representation as to the number of trees did not differ materially from the true number.

As to representations 5 and 6, the findings are that they were not made, but it is, in substance, found that the water from said fifty-five shares is sufficient in a year of ordinary rainfall to properly irrigate the twenty acres set to trees, and that defendant so represented to plaintiffs. This finding is supported by the testimony of defendant and of several witnesses who gave their opinion, derived from experience, as to the amount of continuous flow of water in inches required to irrigate a certain number of acres on the tract in question. There was some conflict in the evidence on the question of the sufficiency of the water derived from these fifty-five shares to irrigate the twenty acres already planted; but it was for the trial court to sift this evidence, and find where the preponderance lay, and we are not prepared to say that the finding on the question was without warrant in the evidence.

As to many of the alleged false representations the trial court seems to have relied on the testimony of the defendant alone whenever it came into conflict with that of the plaintiffs. This, perhaps, arose from the fact that in an important particular already referred to the testimony of defendant was corroborated by the written contract made in Chicago on or about the same day as the alleged false representations. We have reference here to the testimony as to the representation concerning the number of trees. We cannot uphold appellants' contention that the findings on the subject of false representations are without support in the evidence; and, these findings being adverse to plaintiffs, it follows that the groundwork of their action is gone. It will, therefore, be unnecessary to inquire whether the other findings complained of are supported by the evidence.

Appellants, in their brief, complain of several errors of law, only two of which we will discuss. The first is that the court permitted the defendant to amend his answer by striking therefrom the words, "or any portion thereof other than said twenty acres planted to fruit trees," thereby changing an admission that defendant represented to plaintiffs that there was ample water to properly irrigate the twenty acres

in orchard each and every year into a denial of that fact. We think appellants misapprehend the effect of the amendment. To set them right, we quote the entire allegations of the complaint and answer pertinent to the question. The complaint is as follows: "That he had, and would sell with the said tract, fifty-five shares of the stock of the San Antonio Water Company, which shares of stock he stated and represented to plaintiffs carried and entitled the owner to water ample and all-sufficient to irrigate the said entire tract of land during the entire irrigating season of each year. . . . . That said tract was well and amply supplied with water for the proper and sufficient irrigation of the same planted to fruit trees, orange and lemon trees, and any and all crops that would grow upon said lands." The answer to the above allegations was as follows: Deny "that the defendant Carne stated or represented to plaintiffs, or either of· them, that said shares of water stock carried or entitled the owner to water ample or sufficient to irrigate said tract of land, or any portion thereof other than said twenty acres planted to fruit trees, during the irrigating season of each year, or of any year other than one of ordinary rainfall; or that said lands, . . . . or *any portion thereof, other than said twenty acres planted to fruit trees,* was well or amply supplied with water for the proper or sufficient irrigation of the same planted to fruit, orange, or lemon trees, or any crops that would grow upon said lands, or at all." The part of the above quotation in italics was stricken from the answer on motion of defendant to amend some days after the trial and immediately before the findings were filed. An examination of the findings discloses that on this issue they follow the exact language of the answer as it stood before this amendment. The testimony of the defendant also supports the answer exactly as it stood before the amendment. He says: "I told them it was very dry at that very time, and that I had a letter from my son saying that it was dry, and the fruit was dropping. . . . . I explained to Mrs. Fowler and Dr. Fowler that the supply from this water stock, according to my experience, would be sufficient to irrigate the twenty acres in citrus fruits in a season of ordinary rainfall. . . . . I told them there was no water for citrus fruit on the ten acres; that all the water was used on this twenty acres, except for domestic use." There is no pretense that it was represented that water was to be

43

had for this ranch, or had ever been obtained for it, from any other source than from these fifty-five shares of water stock. We are therefore at a loss to understand why the defendant desired to amend his answer as he did, or of what benefit it could be to him to so amend it. So long as the evidence of defendant and the findings followed and supported the denials and allegations of the answer as it was before amendment, the amendment was entirely immaterial, and accomplished nothing. Besides, the amendment did not materially change the issues, and appellants were not injured thereby.

The second alleged error of law that we will notice is claimed to have been made in overruling plaintiffs' objection to evidence offered by defendant as to the value of the property sold. Though the plaintiffs alleged that this property was worth no more than $6,000—and the burden was undoubtedly on them to show that it was worth less than they agreed to pay for it, in order to show that they were injured by the alleged false representations—yet, as we have already seen, they offered no proper evidence as to the value of the property whatever. Therefore, if the defendant had presented no evidence on the question of the value of the property, the finding on that subject must have been adverse to the plaintiffs, or just as it now stands, to wit, that the property was worth $15,000, the amount for which it sold. The evidence as to value in no way affected the findings. They are the same as they would have been in the absence of such evidence. Therefore the plaintiffs are in no way injured by the evidence complained of. Again, all the witnesses who testified to this question of value showed themselves, either in direct or cross examination, to be competent to give an opinion thereon. The form of the question —it being directed to the value of the property "between a party who wished to sell and one who wanted to buy it"—is not open to objection: Lawrence v. City of Boston, 119 Mass. 126.

The further contentions of appellants are not of sufficient importance to require special discussion. The judgment and order should be affirmed.

We concur: Haynes, C.; Cooper, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.